IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAHMOOD I. ALYSHAH and THE
ALYSHAH IMMIGRATION
AGENCY, INC.,

    Plaintiffs,

      v.

                                     CIVIL ACTION FILE
                                     NO. 1:05-CV-759-TWT

THE SUPREME COURT OF
GEORGIA, et al.,

    Defendants.

OPINION AND ORDER

This is a pro se action challenging the constitutionality of actions taken to enforce an order prohibiting the Plaintiffs from practicing law without a license. It is before the Court on the Motion to Dismiss Plaintiffs' Complaint of Defendants State Bar of Georgia and Cliff Brashier [Doc. 4], the Motion to Dismiss Plaintiffs' Complaint for Preliminary Injunctive Relief of Defendants State Bar of Georgia and Cliff Brashier [Doc. 5], and the Motion to Dismiss of Defendants Supreme Court of Georgia, Chief Justice Norman S. Fletcher, Justices Leah Ward Sears, Robert Benham, Carol W. Hunstein, George H. Carley, Hugh P. Thompson, and P. Harris

Hines [Doc. 10].  For the reasons set forth below, Defendants State Bar of Georgia and Cliff Brashier's Motion to Dismiss Plaintiffs' Complaint is GRANTED, Defendants State Bar of Georgia and Cliff Brashier's Motion to Dismiss Plaintiffs' Complaint for Preliminary Injunctive Relief is DENIED AS MOOT, and Defendants Supreme Court of Georgia, Chief Justice Norman S. Fletcher, Justices Leah Ward Sears, Robert Benham, Carol W. Hunstein, George H. Carley, Hugh P. Thompson, and P. Harris Hines's Motion to Dismiss is GRANTED.

## I. <u>BACKGROUND</u>

Plaintiff Alyshah Immigration Agency, Inc. ("Alyshah Immigration") is a Georgia for-profit organization that allegedly helps clients prepare forms related to immigration to and employment within the United States.  Plaintiff Mahmood I. Alyshah is the president of Alyshah Immigration.  Alyshah is not a member of the State Bar of Georgia ("State Bar"), and he is neither licensed nor qualified  to practice law in the state of Georgia.  On July 17, 2002, the State Bar filed a complaint for injunctive relief against Alyshah Immigration in the Superior Court of DeKalb County.  <u>State Bar of Georgia v. Alyshah Immigration Agency, Inc.</u>, No. 02-CV-7660 (Sup. Ct. DeKalb County 2002).   The complaint alleged that Alyshah Immigration had placed advertisements in local Atlanta magazines stating that it practiced immigration law.  It also alleged that Mahmood Alyshah misled an INS officer into thinking that Alyshah

was a lawyer.  The State Bar sought to enjoin Alyshah Immigration and its president from engaging in the unauthorized practice of law in Georgia.  The case was resolved with a consent order.  The consent order, signed by each party's counsel and by the presiding judge, stated: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah Immigration Agency, Inc., and its officers, directors, employees and agents be permanently forbidden, restrained and enjoined from engaging in the practice of law within the State of Georgia."  (Consent Order of October 30, 2002, State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002)).

On April 14, 2004, the Plaintiffs filed a complaint in this Court challenging the constitutionality of the Superior Court Consent Order and seeking damages resulting from that action.  Alyshah Immigration Agency, Inc. v. State Bar of Georgia, No. 1:04-CV-1017-TWT (N.D. Ga. 2004) ("Alyshah Immigration I").  The Court granted the State Bar's Motion to Dismiss on the grounds that the Plaintiffs' constitutional claims were barred by the Rooker-Feldman doctrine and *res judicata*.  In addition, the Court found that the Plaintiffs' state law claims were barred by the one-year statute of limitation and that O.C.G.A. § 2-10-107 had no applicability to the case.  Finally, the Court found that Alyshah Immigration was not properly before the Court because, as a corporation, it could not proceed pro se.

The facts and allegations in this case are virtually identical to those of <u>Alyshah</u> <u>Immigration I</u>.  The only additional allegations relate to a motion of contempt filed in the DeKalb Superior Court by the State Bar.  While the State Bar's Motion to Dismiss in <u>Alyshah Immigration I</u> was pending before this Court, Alyshah petitioned for the right to represent individuals in the United States Immigration Court.  On October 6, 2004, the United States Immigration Court issued an order acknowledging the State Bar's findings that the Plaintiffs were engaged in the unlicensed practice of law in violation of O.C.G.A. § 15-19-51.  The court also noted the Superior Court's Consent Order enjoining the Plaintiffs from engaging in the practice of law in Georgia and stated that Alyshah had violated the order by filing a motion in that court.  (Defs. State Bar & Brashier's Mot. to Dismiss, Ex. E.)  Thus, the United States Immigration Court denied Alyshah's request to appear in that court, stating that "to do otherwise may be viewed as encouraging the violation of the consent decree."  (<u>Id.</u>)  Thereafter, on January 19, 2005, the State Bar filed a Motion for Contempt of Court against Alyshah Immigration in the DeKalb Superior Court, alleging that Alyshah, as the president of Alyshah Immigration, had engaged in the unauthorized practice of law in violation of the Consent Order.

The claims asserted by the Plaintiffs in this action are essentially the same as those asserted against the State Bar in <u>Alyshah Immigration I</u>, with a few exceptions.

Here, the Plaintiffs allege that the State Bar is an arm of the Supreme Court of Georgia and, therefore, also assert their constitutional and state law claims against the Supreme Court and its Justices.   The Plaintiffs also name Cliff Brashier as a defendant, presumably only in his role as the executive director of the State Bar of Georgia.   In addition, instead of challenging the constitutionality of the Consent Order as in Alyshah Immigration I, the Plaintiffs challenge the constitutionality of the contempt motion, alleging similar violations of the First, Fourth, and Ninth Amendments.   The Plaintiffs reiterate their claim under O.C.G.A. § 2-10-107, but add claims for injury to peace, happiness, and feeling, O.C.G.A. § 51-12-6; malicious civil action, O.C.G.A. § 51-7-80(5); and restraint of trade, O.C.G.A. § 10-4-177.   Lastly, the Plaintiffs allege that the actions of the Supreme Court of Georgia and the State Bar demonstrate a conflict of interest.   The Defendants move to dismiss all claims asserted by the Plaintiffs.[1]

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the

---

[1]The Plaintiffs failed to respond to the Defendants' motions to dismiss.

court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

### III.  DISCUSSION

A.    Constitutional Claims

The Plaintiffs contend that the Defendants violated his constitutional rights by filing a motion for contempt.  Specifically, the Plaintiffs allege that the First and Ninth Amendments to the United States Constitution afford them the right to practice law and that the contempt motion was filed to restrict, prevent, prohibit, and deny the Plaintiffs the ability to do so and disparage Alyshah to his clients.  He further alleges that the Defendants violated his Fourth Amendment right by seizing from him the right to practice law.  In Alyshah Immigration I, the Court lacked subject matter jurisdiction over virtually identical claims pursuant to the Rooker-Feldman doctrine.  Similarly, the Rooker-Feldman doctrine bars the Court from entertaining the merits of the Plaintiffs' ridiculous arguments in this case.

Although the Plaintiffs are not directly requesting that the Court overturn the Consent Order, as was the case in <u>Alyshah Immigration I</u>, they are seeking damages based on the State Bar's attempt to enforce the Consent Order.  By challenging the State Bar's right to enforce the Consent Order and prevent the Plaintiffs from engaging in the unauthorized practice of law, the Plaintiffs are, in essence, once again challenging the constitutional validity of the Consent Order itself.  Pursuant to the <u>Rooker-Feldman</u> doctrine, a federal district court lacks subject matter jurisdiction to review, reverse, or invalidate a final decision of a state court.  <u>District of Columbia Court of Appeals  v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923).  The doctrine bars jurisdiction where four criteria are met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

<u>Amos v. Glynn County Bd. of Tax Assessors</u>, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (citations omitted).  Although the complaint in state court was filed against Alyshah Immigration, the individual plaintiff verified the answer, acted as the corporate representative, and was specifically subject to the resultant Consent Order.  The Consent Order enjoining the unauthorized practice of law is the conclusive order

judgment by the DeKalb Superior Court.  The Plaintiffs had, but did not utilize, ample opportunity to raise constitutional claims in that state court proceedings.  Thus, the first three requirements of the <u>Amos</u> test are clearly met.

In order for the <u>Rooker-Feldman</u> doctrine to bar jurisdiction, the Plaintiffs' claims must effectively request a review of the state court order.  A district court reviews a state court order when the federal claims are "inextricably intertwined" with the state court's decision.  <u>Feldman</u>, 460 U.S. at 483; <u>Amos</u>, 347 F.3d at 1265 n.11. A claim in district court is "inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  <u>Goodman ex. rel. Goodman v. Sipos</u>, 259 F.3d 1327, 1332 (11th Cir. 2001) (<u>quoting</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).  The Consent Order bars the Plaintiffs from engaging in the unauthorized practice of law.  The contempt motion was filed to enforce the terms of the Consent Order.  The Plaintiffs' constitutional claims cannot succeed without this Court concluding that the state court incorrectly permitted the Consent Order to infringe the Plaintiffs' constitutional rights and, therefore, that the terms cannot be enforced without violating those rights.  Hearing the Plaintiffs' constitutional claims is tantamount to reviewing the merits of the Consent Order.  Because the Plaintiffs' constitutional claims satisfy the four elements of the test for applying the <u>Rooker-</u>

<u>Feldman</u> doctrine, this Court cannot properly assert subject matter jurisdiction over the Plaintiffs' federal claims.

      B.    <u>State Law Claims</u>

The Plaintiffs assert five claims that ostensibly arise under state law.  First, the Plaintiffs allege that the filing of the motion for contempt and the subsequent scheduling of a hearing further aggravated and added injury to the peace, happiness and feeling of the Plaintiffs in violation of O.C.G.A. § 51-12-6.  (Compl. ¶¶ 17, 26.)  However, O.C.G.A § 51-12-6 does not create an independent cause of action for injury to peace, happiness, or feelings.  Rather, this section prescribes a measure of recovery where another cause of action exists.  <u>Reeves v. Edge</u>, 225 Ga. App. 615, 620 (1997) (<u>citing</u> <u>Westview Cemetery v. Blanchard</u>, 234 Ga. 540, 544 (1975)); <u>see also</u> <u>Hayes v. Irwin</u>, 541 F. Supp. 397, 439 (N.D. Ga. 1982).  Thus, the Plaintiffs cannot state a claim under O.C.G.A. § 51-12-6, and the Defendants are entitled to dismissal of this claim.

Similarly, the Plaintiffs cannot state a claim under  O.C.G.A. § 51-7-80(5).  O.C.G.A. § 51-7-80(5) merely defines "malice" for purposes of an abusive litigation claim and does not create a separate cause of action.  To the extent that the Complaint can be construed as asserting a claim for abusive litigation, the Plaintiffs have also failed to state a claim.  O.C.G.A. § 51-7-81 provides that "[a]ny person who takes an

active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification."  However, as a condition precedent to any claim for abusive litigation, the allegedly injured party must give written notice to the other party that he intends to sue for abusive litigation in order to give the potential defendant the opportunity to withdraw the allegedly abusive action or pleading.  O.C.G.A. § 51-7-84(a); LaSonde v. Chase Mortgage Co., 259 Ga. App. 772, 774 (2003).  The Plaintiffs do not allege, nor is there an indication, that any such notice was given to the Defendants.  Moreover, an abusive litigation claim cannot be brought until after final termination of the underlying action or proceeding alleged to be abusive.  O.C.G.A. § 51-7-84(b).  Final termination means an adjudication on the merits so that the action cannot be recommenced.  Land v. Boone, 265 Ga. App. 551, 554 (2004).  The Plaintiffs' claim arises out of the contempt motion.  A hearing on this motion has not yet been held and, therefore, any abusive litigation claim asserted by the Plaintiffs is premature.  See Stocks v. Glover, 220 Ga. App. 557, 559 (1996) (abusive litigation claim properly dismissed when brought before final termination of proceeding).  The Defendants are entitled to dismissal of the Plaintiffs' claim under O.C.G.A. §§ 51-7-80(5) or 51-7-81.

The Plaintiffs allege that the Defendants engaged in the restraint of trade in violation of O.C.G.A. §§ 2-10-107 and 10-4-177. O.C.G.A. § 2-10-107 authorizes agricultural producers to form market cooperatives without being deemed a combination in restraint of trade or an illegal monopoly. As the Court made clear in Alyshah Immigration I, this statute is not applicable to this case, and the Defendants are entitled to dismissal of the Plaintiffs' claim under O.C.G.A. § 2-10-107. The Plaintiffs' claim under O.C.G.A. § 10-4-177 is similarly ridiculous. That statute addresses the sale of leaf tobacco and prohibits tobacco warehousemen from forming associations or corporations with the purpose of controlling prices or promulgating rules in restraint of trade. O.C.G.A. § 10-4-177. The Defendants are not associated with the production or storage of leaf tobacco and, therefore, O.C.G.A. § 10-4-177 has no application to this case.

The Plaintiffs contend that a conflict of interest was created when the State Bar, as an arm of the Supreme Court of Georgia, filed a motion for contempt in the DeKalb Superior Court. (Compl. ¶¶ 13-14, 32-33.) The Plaintiffs allege that the Supreme Court is only authorized to interpret laws and cannot enforce the laws outside of its courtroom. Thus, the Plaintiffs claim that it was unethical and immoral for the Supreme Court, through the State Bar, to file a motion for contempt in one of its inferior courts. This assertion is devoid of any basis in fact or law. The Supreme

Court of Georgia has the inherent authority to regulate the practice of law. <u>Fleming v. State</u>, 246 Ga. 90, 92 (1980). Moreover, the Georgia Supreme Court was statutorily authorized to create the State Bar to assist the Court in its judicial function of regulating the practice of law in this state. O.C.G.A. § 15-19-30 *et seq.*; <u>AFLAC, Inc. v. Williams</u>, 264 Ga. 351, 352 (1994); <u>Antinoro v. Browner</u>, 223 Ga. App. 664, 665 (1996). There is certainly no conflict of interest created when the State Bar, acting on behalf of the Supreme Court, seeks to enforce the rules and regulations of the practice of law in a lower court. The Plaintiffs also allege a conflict of interest based on the State Bar filing its motion in front of a judge that is a member of the State Bar. The same claim was made in <u>Alyshah Immigration I</u>. In addressing that claim, the Court noted that "[t]his ludicrous assertion, if acknowledged as valid, would effectively bar the State Bar of Georgia from access to the Georgia courts, severely impeding its ability to aid in the regulation of the practice of law in Georgia." (Order of Mar. 11, 2005, <u>Alyshah Immigration Agency, Inc. v. State Bar of Georgia</u>, No. 1:04-CV-1017-TWT (N.D. Ga. 2004), at 6 n.1.) That observation is equally applicable to this case. Accordingly, any allegation or claim of a conflict of interest is completely unfounded and dismissal is warranted.

Finally, as in <u>Alyshah Immigration I</u>, Alyshah is attempting to represent Alyshah Immigration. This is clearly impermissible by law and expressly barred by the Consent

Order.  A corporation may not proceed pro se.  <u>Eckles v. Atlanta Technology Group,</u>

<u>Inc.</u>, 267 Ga. 801, 803 (1997).  Thus, Alyshah Immigration is not properly before this

Court and any claims filed by this organization or on its behalf are dismissed.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Motion to Dismiss Plaintiffs' Complaint of

the State Bar of Georgia and Cliff Brashier [Doc. 4] is GRANTED.  The Motion to

Dismiss of the Supreme Court of Georgia, Chief Justice Norman S. Fletcher, Justices

Leah Ward Sears, Robert Benham, Carol W. Hunstein, George H. Carley, Hugh P.

Thompson, and P. Harris Hines [Doc. 10] is GRANTED.   The Court previously

construed the Plaintiffs' Complaint for Preliminary Injunctive Relief as a Motion for

Preliminary Injunction.  On March 29, 2005, the Court denied the Plaintiffs' Motion

for Preliminary Injunction.  Thus, the Motion to Dismiss Plaintiffs' Complaint for

Preliminary Injunctive Relief of the State Bar of Georgia and Cliff Brashier [Doc. 5]

is DENIED AS MOOT.

SO ORDERED, this 12 day of October, 2005.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge